# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| KNIFE RIGHTS, INC., et al., | Case No. 4:23-CV-00547-O |
| Plaintiffs, | U.S. District Judge Reed O'Connor |
| vs. | |
| MERRICK B. GARLAND, Attorney General of the United States, et al. | |
| Defendants. | |

**PLAINTIFFS' KNIFE RIGHTS, INC., ET AL., NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

---

### NOTICE OF MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that on October 6, 2023, Plaintiffs Knife Rights, Inc., *et al.* (collectively, Plaintiffs) move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Northern District of Texas Local Civil Rule 56.1-56.7, and this Court's Orders Entering Agreed Briefing Schedule (ECF No. 19), against Defendants Merrick Garland, United States Department of Justice, *et al.* (collectively, "Defendants") on the 42 U.S.C. section 1983/Second Amendment claim in Plaintiffs Complaint. ECF No. 1. There are no genuine issues of material fact as to such claim and Plaintiffs are entitled to judgment as a matter of law.

### COUNT

The Complaint's claim for relief arises under 42 U.S.C. section 1983 for the deprivation of, and undue burden on, Plaintiffs' civil rights under the Second Amendment. Specifically, the Complaint's claim for relief (COUNT 1) alleges that the Federal Switchblade Act, 15 U.S.C. §§ 1241-1245, enacted in 1958 as Pub. Law 85-623, violates the Second Amendment of the United States Constitution. The Act, as alleged, prohibits the introduction, manufacture for introduction, transportation, or distribution into interstate commerce any switchblade knife (as defined). 15 U.S.C. §§ 1241(b), 1242. The Act also imposes a fine and possible imprisonment on "[w]hoever … manufactures, sells, or possesses any switchblade knife." 15 U.S.C. §§ 1243 (Knife Ban). The fine is "not more than $2,000.00; and imprisonment of "not more than five years, or both." *Id*. The Act defines the term "switchblade knife" to mean "any knife having a blade which opens automatically – (1) by hand pressure applied to a button or other devise in the handle of the knife, or (2) by operation of inertia, gravity, or both." 15 U.S.C. § 1241(b).

Defendants' enforcement of the Federal Switchblade Act provisions identified above unconstitutionally infringes on, and unduly burdens, the fundamental right of

Plaintiffs and other similarly situated individuals who reside in Texas and other States within the United States to keep and bear constitutionally protected arms in common use — including automatic opening knives or switchblades (as defined) — in violation of the Second Amendment. U.S. CONST. amend. II.

Plaintiffs are among "the people" whom the Second Amendment protects, and they have the presumptive right to bear arms. Automatically opening knives ("switchblades") are "arms" under the Second Amendment's plain text. By infringing on Plaintiffs' right, the challenged provisions of the Federal Switchblade Act contradict the plain text of the Second Amendment. Thus, the burden is on Defendants to identify a well-established historically relevant analogous laws or regulations that justify the Knife Ban. Defendants cannot meet their heavy burden. The above issues are legal questions that can and should be resolved by summary judgment.

Plaintiffs submit that the matters required under Rule 56.3 are also set forth in Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment filed concurrently with the present motion in accordance with Local Rules 7.1 and 56.5. In support of this motion, Plaintiffs rely on: (i) Plaintiffs' Notice of Motion and Motion for Summary Judgment; (ii) Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment; (iii) Appendix of Evidence and Declarations; (iv) Plaintiffs' Complaint (ECF No. 1); and (v) any further evidence or argument advanced at or prior to resolution of this motion.

Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants and dismiss the entirety of this case.

| | | |
|---|---|---|
| 1 | October 6, 2023 | Respectfully submitted, |
| 2 | | DILLON LAW GROUP, APC |

*/s/ John W. Dillon*
John W. Dillon
California Bar No. 296788
*Pro Hac Vice*
jdillon@dillonlawgp.com
**DILLON LAW GROUP APC**
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Phone: (760) 642-7150
Fax: (760) 642-7151

AND

*s/ R. Brent Cooper*
R. Brent Cooper
Texas Bar No. 04783250
brent.cooper@cooperscully.com
Benjamin D. Passey
Texas Bar No. 24125681)
ben.passey@cooperscully.com
**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Phone: (214) 712-9500
Fax: (214) 712-9540

Attorney for Plaintiffs