UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KNIFE RIGHTS, INC.; RUSSELL ARNOLD; JEFFREY FOLLODER; RGA AUCTION SERVICES LLC d.b.a. FIREARM SOLUTIONS; AND MOD SPECIALTIES,** | § § § § § § | **Civil Action No. 4:23-cv-00547-O** |
| **Plaintiffs,** | § § | |
| **v.** | § § | |
| **MERRICK B. GARLAND, Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE,** | § § § § § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendants' Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction, Brief in Support, and Appendix (ECF Nos. 24, 26, 27), filed November 17, 2023; Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 28), filed December 15, 2024; and Defendants' Reply in Support of the Motion (ECF No. 34), filed January 26, 2024. For the reasons set forth herein, the Court **GRANTS** the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1).

## I.    BACKGROUND[1]

On June 01, 2023, Plaintiffs Knife Rights Inc., Russell Arnold, Jeffery Folloder, RGA Auction Services LLC, and MOD Specialties[2] brought this lawsuit against Merrick Garland,

---

[1] Unless otherwise noted, the facts recited herein are drawn from Plaintiffs' Complaint. *See* Pls.' Compl., ECF No. 1.

[2] Plaintiffs Knife Rights Inc. will be referred to as "Knife Rights," Russell Arnold and Jeffery Folloder will be referred to as the "Individual Plaintiffs," and RGA Auction Services LLC and MOD Specialties will be referred to as the "Retail Plaintiffs." When referring to all Plaintiffs, the Court will use "Plaintiffs."

Attorney General of the United States, and the United States Department of Justice ("Defendants") in federal district court, alleging a single claim of deprivation of civil rights, specifically the right to keep and bear arms.

Plaintiffs challenge the constitutionality of the Federal Switchblade Act (the "Act") as inconsistent with the Second Amendment to the United States Constitution. Plaintiffs specifically assert that the Federal Switchblade Act enacted in 1958, prohibiting the introduction, manufacture for introduction, transportation, or distribution into interstate commerce of switchblade knives, violates the Second Amendment because switchblades are bearable arms within the meaning of the Second Amendment and, therefore are protected. Plaintiffs ask the Court for a preliminary and permanent injunction restraining the Government from enforcing the Act and for a declaratory judgment that the relevant provisions of the Act and Defendants' enforcement of the Act violates the right to keep and bear arms protected under the Second Amendment to the United States Constitution.

Knife Rights is a section 501(c)(4) member advocacy organization incorporated under the laws of Arizona with a primary place of business in Gilbert, Arizona. Knife Rights serves its members, supporters, and the public through efforts to defend and advance the right to keep and bear bladed arms. Knife Rights brought this action on behalf of its members and the named Plaintiffs. Knife Rights members include peaceable, law-abiding individuals in Texas who wish to acquire and possess automatically opening knives.

Individual Plaintiffs in this case are Jeffery Folloder and Russell Arnold, both are adult citizens of the United States and residents of the State of Texas. Individual Plaintiffs are peaceable, nonviolent individuals who are otherwise eligible to keep and bear arms under state and federal law. Individual Plaintiffs wish and intend to acquire, possess, carry, and offer for sale and distribute

through interstate commerce, automatically opening knives for lawful purposes, including self-defense. Individual Plaintiffs allege that they would acquire, possess, carry, offer for sale, acquire, and distribute through interstate commerce such a knife but for the Government's enforcement of the Act. Both Individual Plaintiffs are members of Knife Rights.

Defendants now move for a full dismissal of Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(1)[3] and 12(b)(6).[4] Following completion of the parties' briefing, that Motion is now ripe for the Court's review.[5]

## II.    LEGAL STANDARD

When a 12(b)(1) motion is brought with other Rule 12 motions to dismiss, the 12(b)(1) motion must be addressed first. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction alleges that the court lacks the authority to hear the dispute. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction and must have "statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party invoking the jurisdiction bears the burden of demonstrating that jurisdiction exists. *Ramming*, 281 F.3d at 161. Courts may dismiss for lack of subject matter jurisdiction on any of three separate grounds: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023) (internal citation and quotation marks omitted).

---

[3] Several other motions are currently pending, including Plaintiffs' Motion for Summary Judgment. Because the Court is dismissing this action today under Rule 12(b)(1) for lack of standing, the Court finds Plaintiffs' other motions are moot.

[4] Defs.' Mot. to Dismiss, ECF No. 26 (citing FED. R. CIV. P. 12(b)(1)).

[5] *Id.*; Pls.' Opp'n Def's Mot. Dismiss, ECF No. 28; Def.'s Reply, ECF No. 34.

To challenge subject matter jurisdiction under Rule 12(b)(1), a party can make either a facial or factual attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A 12(b)(1) motion that challenges standing based on the pleadings is considered a facial attack, and the court reviews only the sufficiency of the pleading's allegations, presuming them to be true. *Id.* If a defendant makes a factual attack on subject matter jurisdiction by submitting evidence, such as affidavits and testimony, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Kling*, 60 F.4th at 284 (internal citation and quotation marks omitted). In a factual attack, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Further, in a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Since the Government has provided evidence in the form of an affidavit attacking the Individual and Retail Plaintiffs' standing, that is a factual attack on subject matter jurisdiction. Therefore, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *See Kling*, 60 F.4th at 284 (internal citation and quotation marks omitted). However, since the Government has not presented evidence attacking Knife Rights' individual standing, that is a facial attack. Therefore, the Court reviews only the sufficiency of the pleading's allegations, presuming they are true when evaluating Knife Rights' individual standing. *See Paterson*, 644 F.2d at 523.

4

III.    ANALYSIS

    A.  **Individual and Retail Plaintiffs' Standing**

The Court Finds that Individual and Retail Plaintiffs fail to meet their burden of proving subject matter jurisdiction by a preponderance of the evidence. *See Kling*, 60 F.4th at 284.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "One element of the case-or-controversy requirement" commands that a litigant must have standing to invoke the power of a federal court. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "Standing is a jurisdictional requirement and not subject to waiver." *Doe v. Tangipahoa Par. Sch. Bd.*, 494 F.3d 494, 496 n.1 (5th Cir. 2007) (citing *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996)). "Standing to sue must be proven, not merely asserted, in order to provide a concrete case or controversy and to confine the courts' rulings within our proper judicial sphere." *Id.* at 496–-97.

As the party invoking federal jurisdiction, Plaintiffs bear the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The "Supreme Court has instructed that a court's inquiry into standing should be 'especially rigorous when reaching the merits of [a] dispute would force it to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional.'" *Hotze v. Burwell*, 784 F.3d 984, 992 (5th Cir. 2015) (quoting *Clapper*, 568 U.S. at 408) (internal alteration omitted)). "The irreducible constitutional minimum of standing contains three elements: (1) The plaintiff must have suffered an injury in fact (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, that the injury will be redressed by a favorable decision." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 606 (5th Cir. 2018) (citing *Lujan*, 504 U.S. at 560–61

(cleaned up)). In the context of a pre-enforcement challenge to a statute, a "plaintiff has suffered an injury in fact if he (1) has an 'intention to engage in a course of conduct arguably affected with a constitutional interest,' (2) his intended future conduct is 'arguably ... proscribed by [the policy in question],' and (3) 'the threat of future enforcement of the [challenged policies] is substantial.'" *Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770, 782 (5th Cir. 2024) (quoting *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020)). Plaintiffs' failure to show "any imminent or even credible threat of prosecution" under a statute is fatal to their standing to challenge it. *Id.*

The Court Finds that Individual and Retail Plaintiffs fail to meet their burden of proving subject matter jurisdiction by a preponderance of the evidence. *See Kling*, 60 F.4th at 284. Plaintiffs argue[6] that they are subject to a substantial threat of future enforcement sufficient to establish Article III standing.[7] The Court disagrees. The Individual Plaintiffs simply declare that they have a "reasonable fear of arrest and prosecution for violation of the Federal Knife Ban."[8] The Retail Plaintiffs assert that they "would sell, and introduce into interstate commerce, automatically opening knives to its customers but for the Defendants' enforcement of the laws, policies, practices, and customs at issue in this case and they reasonable fear of arrest, prosecution, and other penalties[.]"[9] Plaintiffs also assert that "Defendants have been and are actively enforcing the Federal Knife Ban against the Plaintiffs and similarly situated individuals and retailers. As a result, Plaintiffs contend they reasonably fear that Defendants will continue to enforce the Federal Knife Ban against them."[10] The evidence presented by Defendants show there are only records of four enforcement actions in the county under the Act since 2004 and it has not been enforced since

---

[6] The Plaintiffs' Complaint lays out identical facts for both Individual Plaintiffs, so the Court will deal with their standing arguments together. Likewise, the Complaint lays out identical facts for the Retail Plaintiffs, so the Court will also deal with those arguments together.
[7] Pls.' Opp'n Def's Mot. Dismiss 16, ECF No. 28.
[8] Pls.' Compl. ¶¶ 12–13, ECF No. 1.
[9] *Id.* ¶¶ 15–16.
[10] *Id.* ¶ 60.

2010.[11] Plaintiffs do not counter this factual assertion. Accordingly, the threat of prosecution under Section 1242 "is therefore a mere hypothetical dispute lacking the concreteness and imminence required by Article III*." Nat'l Press Photographers Ass'n*, 90 F.4th at 782.

Further, Plaintiffs have, in fact, failed to raise any new significant evidence of a substantial threat of future enforcement in any of their supplemental declarations.[12] There are numerous ways the Individual or Retail Plaintiffs could have carried their burden to demonstrate a substantial threat of future enforcement. For example, if Plaintiffs were challenging a newly enacted, non-moribund statute, the Court could assume a credible threat of future enforcement. *Ostrewich v. Tatum*, 72 F.4th 94, 102 (5th Cir. 2023). If officers of the law had individually threatened Plaintiffs with future enforcement, such facts would be sufficient at this stage. *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). Another way Plaintiffs could have satisfied this requirement is by demonstrating that this was a newly enacted statute targeting a particular class in which they are a part, and complying with the statute would require costly measures. *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392 (1988). It would also be sufficient if Plaintiffs proved that the challenged statute was recently used to prosecute several individuals, and the Government would not disavow prosecution of the specific Plaintiffs if they continued the proscribed activity. *E.g. Holder v. Humanitarian Law Project*, 561 U.S. 1, 16 (2010). Or, as in *Braidwood Management, Inc. v. EEOC* Plaintiffs could point to a recent enforcement action by an administrative agency, which served as a "clear shot across the bow" against potential violators. 70 F.4th 914, 927 (5th Cir. 2023). It would also suffice if the Government explicitly threatened a particular Plaintiff with forfeiture, fines, or other penalties for violating the particular law. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129

---

[11] *See* Aff. Mathew Zabkiewicz 2, ECF No. 26-1.
[12] *See* Suppl. Decl. Jefferey Folloder, ECF No. 28-1; Suppl. Decl. Russell Arnold, ECF No. 28-2; Suppl. Decl. Doug Ritter, ECF No. 28-3; Decl. Adam Warden, ECF No. 28-4; Decl. Evan Kaufmann, ECF No. 28-5.

(2007). However, none of that is the case here. Instead, the Individual Plaintiffs assert that they are "ready, willing, and able to purchase and sell automatic[ally] opening knives," and allude to their desire to sell switchblades at gun shows and conventions across the country.[13] All of these claims fail for the same reason. Plaintiffs simply declare that there is a substantial threat of future enforcement rather than pleading and proving by a preponderance of the evidence sufficient individual facts to establish such a substantial threat of future enforcement or facts sufficient for the Court to infer the same. Therefore, the Court has no choice but to find Individual and Retail Plaintiffs lack standing.

### B. Knife Rights' Standing

The Court Finds that Knife Rights fails to meet its burden of proving subject matter jurisdiction either in its own right or through its members.

There are two ways for an organization to demonstrate standing. First, the organization can assert representational standing on behalf of its members. *La. Fair Hous. Action Ctr., Inc. v. Azalea Garden Props., L.L.C.*, 82 F.4th 345, 350 (5th Cir. 2023). The associational standing doctrine permits a traditional membership organization "to invoke the court's [injunctive or declaratory] remedial powers on behalf of its members." *Warth v. Seldin*, 422 U.S. 490, 515 (1975). To do so, the organization must satisfy a three-prong *Hunt* test by showing that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). "When a defendant contests an organization's

---

[13] Suppl. Decl. of Jeffrey Folloder ¶¶ 4, 7, ECF No. 28-1; Suppl. Decl. of Russell Gordon Arnold ¶ 4, ECF No. 28-2.

standing based on a factual challenge to the standing of a member whose standing to sue in his own right controls the organization's standing, the Rule 12(b)(1) motion is also a factual attack," and the same standard applies. *Patterson v. Rawlings*, 287 F. Supp. 3d 632, 643 (N.D. Tex. 2018) (Fitzwater, J.).

Second, an organization can also have standing in its own right. *Louisiana Fair Hous. Action Ctr., Inc.*, 82 F.4th at 350. "An organization can establish standing in its own name if it meets the same standing test that applies to individuals." *Id.* at 351 (internal citation and quotations omitted).[14] As previously stated, the "irreducible constitutional minimum of standing contains three elements: (1) The plaintiff must have suffered an injury in fact (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision." *Morgan*, 879 F.3d at 606 (citing *Lujan*, 504 U.S. at 560–61 (cleaned up)).

"An organization may establish a cognizable injury by showing that its ability to pursue its mission is perceptibly impaired because it has diverted significant resources to counteract the defendant's conduct." *La. Fair Hous. Action Ctr., Inc.*, 82 F.4th at 351 (cleaned up). "However, not every diversion of resources rises to an injury sufficient to confer standing," or every organization would presumably have Article III standing. *Id.* "The organization's purportedly injurious counteractions must differ from its routine activities." *Id.* Further, "expenses that are substantively related to future litigation do not suffice." *Id.* Again, since the Government has not presented evidence attacking Knife Rights individual standing, this is a facial attack, and the court reviews only the sufficiency of the pleading's allegations, presuming them to be true. *See Paterson*, 644 F.2d at 523.

---

[14] For what is required for standing for individuals, see *supra* Part III.A.

Plaintiffs argue that "the Organizational Plaintiff Knife Rights, Inc. (Knife Rights) has standing for itself[.]"[15] The Court again disagrees. The Plaintiffs' Complaint contains no facts that can be construed as conferring standing to Knife Rights independent of the Individual and Retail Plaintiffs.[16] The Plaintiffs inherently recognized this by relying almost entirely on Mr. Ritter's Declaration, filed concurrently with their response, in an attempt to establish independent standing for Knife Rights.[17] Therefore, the Court has no choice but to find Knife Rights also lacks individual standing.

Further, even if the Court considered Mr. Ritter's Declaration as part of the pleadings, the Court would still have found that Knife Rights did not have standing. Plaintiffs argue Knife Rights has suffered an injury in fact in its own right because it is "expending substantial organizational time, effort, money, and other resources over a period of several years to challenge and/or repeal the FSA, Knife Rights has sustained injury, harm, and losses that could be avoided if Defendants would simply take steps to voluntarily repeal or set aside the FSA."[18]  This does not constitute an adequate injury to confer Article III standing. Plaintiffs acknowledge in their pleading that "Knife Rights serves its members, supporters, and the public through efforts to defend and advance the right to keep and bear bladed arms."[19]  As Plaintiffs further note, their routine activities include being "responsible for defeating 10 anti-knife bills in seven states, and . . . obtain[ing] favorable court decisions throughout the country."[20] The Court can not find a distinction between the injury claimed by Knife Rights, "expending substantial organizational time, effort, money, and other

---

[15] Pls.' Opp'n Def's Mot. Dismiss 9, ECF No. 28.
[16] *See generally* Pls.' Compl., ECF No.  1.
[17] Pls.' Opp'n Def's Mot. Dismiss 9–10, ECF No. 28.
[18] Suppl. Decl. Doug Ritter 4, ECF No.  28-3.
[19] Pls.' Compl. ¶ 11, ECF No.  1.
[20] *See* Suppl. Decl. Doug Ritter 1, ECF No. 28-3.

resources . . . to challenge and/or repeal the FSA"[21] and its routine activity of challenging anti-knife bills. Therefore, the Court finds that Knife Rights has no standing in its own right.

Since the Court has found that Individual and Retail Plaintiffs do not have standing, Knife Rights fails the first prong of the *Hunt* test; therefore, Knife Rights does not have associational standing. *See Students for Fair Admissions, Inc.*, 600 U.S. at 199.

### C.  Leave to Amend

Because Plaintiffs request leave to amend in response to the Defendants' motion to dismiss, the Court addresses whether leave to amend is proper.[22] Rule 15(a)(2) of the Federal Rules of Civil Procedure states that when a party requests leave to amend, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, the Fifth Circuit has made clear that "leave to amend is by no means automatic." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citing *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994)).

Although the Fifth Circuit has not provided detailed guidance as to what constitutes a sufficient request for leave to amend, it has held that at least "*some* specificity is required." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). Further, "[i]f the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." *Scott v. U.S. Bank Nat'l Assoc.*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citing *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002)). A court should consider several factors when deciding whether to grant leave to amend, including "undue delay, bad faith or dilatory move on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, and futility of the amendment." *Jones*, 427 F.3d at 994 (citing *Dussouy v. Gulf Coast Inv. Corp.*,

---

[21] *See id.*

[22] Pls.' Opp'n Def's Mot. Dismiss 3, ECF No. 28.

669 F.2d 594, 598 (5th Cir. 1981)). In this case, futility of amendment is most relevant to the Court's decision.

The Court finds that Plaintiffs' claims against Section 1243 are not properly before the Court.[23] There are no facts in the allegations of the Complaint that suggest that any of the Plaintiffs sought to possess switchblades on federal or tribal land, as they now contend.[24] Plaintiffs merely describe Section 1243's territorial restrictions in the Complaint's introductory section and in one paragraph of the Statement of Facts.[25] However, even if the Court were to grant leave to amend, it would be futile for the reasons the Court found Plaintiffs lack standing to challenge Section 1242: the same challenges exist regarding *any* challenge Plaintiffs would bring to Section 1243 because it has not been enforced since at least 2004—the farthest back that systematic data is available.[26] As a result, Plaintiffs plainly lack standing when they fail to provide evidence that the statutory provision has ever been enforced against them or regularly enforced against others. *Nat'l Press Photographers Ass'n*, 90 F.4th at 782. Accordingly, Plaintiffs' request for leave to amend is **DENIED**.

## IV.    CONCLUSION

For the reasons explained, the Court **GRANTS** Defendants' Motion to Dismiss under Rule 12(b)(1) due to lack of standing (ECF No. 24), and the Court **DENIES** Plaintiffs request for leave to amend their complaint. Accordingly, the Court **DISMISSES** this action **without prejudice**. All other pending motions are otherwise **DENIED**. Separate final judgment shall issue.

**SO ORDERED** on this **3rd day** of **June 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[23] Pls.' Opp'n Def's Mot. Dismiss at 21–22, ECF No. 28.
[24] *Id.* at 4-7; Compl. ¶¶ 6–7, 23, ECF No. 1.
[25] Pls.' Compl. ¶¶ 6–7, 23, ECF No. 1.
[26] *See* Aff. Mathew Zabkiewicz 2, ECF No. 26-1.

12